**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

KRISTOFER SURDIS,

                              Petitioner,

          - v -                                     Civil No. 9:11-CV-0537
                                                                     (MAD/RFT)

ROBERT A. KIRKPATRICK,
*Superintendent, Wende Correctional Facility*,

                              Respondent.

**APPEARANCES:**                                    **OF COUNSEL:**

**KRISTOFER SURDIS**
Petitioner, *Pro Se*
08-A-6336
Wende Correctional Facility
P.O. Box 1187
Alden, New York 14004-1187

**HON. ERIC T. SCHNEIDERMAN**              **LISA E. FLEISCHMANN, ESQ.**
Attorney General for the State of New York      Assistant Attorney General
Attorney for Respondent
The Capitol
Albany, New York 12224

**RANDOLPH F. TREECE**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER

*Pro se* Petitioner Kristofer Surdis challenges his November 24, 2008 conviction in Ulster County of two counts of falsely reporting an incident in the first degree, and seeks a Writ of *Habeas Corpus* under 28 U.S.C. § 2254. Dkt. No. 1, Pet., at ¶¶ 1, 2, & 5. Petitioner seeks *habeas* relief on the following grounds: (1) he was not competent to stand trial due to "mental disease and defect," and (2) the sentence imposed was excessive. Pet. at ¶ 12. Respondent opposes the Petition on the

grounds that (1) the New York State Appellate Division, Third Department reasonably applied United States Supreme Court law in denying Petitioner's competency claim, and (2) the excessive sentence claim is unexhausted and incognizable on *habeas* review. *See generally* Dkt. No. 9, Resp't's Mem. of Law. For the reasons that follow, it is recommended that the Petition be **DENIED**.

## I. BACKGROUND

On June 6, 2008, the Petitioner was indicted on five counts of falsely reporting an incident in the first-degree. Dkt. No. 7, State Court R. [hereinafter "R."], Ex. D, R. on App., at pp. R9-R11, Indictment. According to the indictment, between December 15 and 29, 2007, Petitioner falsely reported five impending bomb explosions at retail stores throughout Ulster, Dutchess, and Orange Counties. *Id.*

The Town of Ulster Court ordered an examination of Petitioner pursuant to N.Y. Criminal Procedure Law § 730.30 to determine his competency to stand trial. *Id.* at p. R26, § 730 Hr'g Tr., dated June 17, 2008. Petitioner was examined by three experts; the first two, Doctors DiNardo and Israel, came to opposite conclusions about Petitioner's competency to stand trial, and thus a third expert, Dr. Schleuderer, was also asked to examine Petitioner. *Id.* at pp. R.24–R94.; *see also* R., Ex. E., Resp't's App. Br., at p. 3.

According to Dr. DiNardo, Petitioner had sufficient ability to assist in his own defense and was fit to proceed. R., Ex. D at p. R40. Contrariwise, Dr. Israel, concluded that Petitioner was not competent to stand trial based on episodes of dissociation, which affected his ability to recall events relevant to the proceedings, and, in her opinion, could prevent him from assisting his attorney. *Id.* at pp. R74–R75. Lastly, Dr. Schleuderer, concluded that Petitioner was competent to stand trial.

*Id.* at p. R56. Notwithstanding their ultimate conclusions as to Petitioner's competency, all three experts independently concluded that Petitioner understood the nature of the court proceedings against him and reasonably understood the roles of the key players in the court room.[1] *See id.* at pp. R37-R38, R55-R57, & R77–R78. Ultimately, Petitioner was found to be competent to proceed to trial. R., Ex. A, Plea Hr'g Tr., dated Aug. 28, 2008, at p. 3.

However, rather than proceed to trial, and in accordance with a negotiated plea agreement, Petitioner pled guilty to two counts of falsely reporting an incident in the first degree, and was sentenced to two concurrent determinate terms of imprisonment of seven years with five years post-release supervision. R., Ex. B, Sentencing Hr'g Tr., dated Nov. 24, 2008, at pp. 3 & 6-7. Petitioner appealed to the New York Appellate Division, Third Department, arguing that (1) the County Court erroneously found that he was competent to stand trial, (2) one of the witnesses was not qualified to give expert testimony on competency, and (3) the imposed sentence was excessive. R., Ex. C, Pet'r's App. Br., at pp. 5–8. The Appellate Division, Third Department denied the appeal on the merits. *People v. Surdis*, 77 A.D.3d 1018 (N.Y. App. Div. 3d Dep't 2010). Leave to appeal to the New York State Court of Appeals was denied on February 24, 2011, and this Petition followed on April 15, 2011. R., Ex. H; Pet. at p. 16.

## II. DISCUSSION

### A. Standard of Review

The power of federal courts to grant writs of *habeas corpus* on behalf of individuals is limited to those in custody in violation of the Constitution or federal law. 28 U.S.C. § 2254. This

---

[1] Dr. Schleuderer testified that Petitioner was competent because "he understood the nature of the various roles in the courtroom" but indicated that Petitioner was "a little vague" on the roles of the prosecutor and jury. *See* R., Ex. D at p. R56. These statements appear to be the basis of Petitioner's incompetence claim before this Court. R., Ex. C, Pet'r's App. Br., at pp. 5-6.

power has been amended by the Antiterrorism and Effective Death Penalty Act of 1996 Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), which further limits the availability of *habeas corpus* relief in federal courts. *Id*. Under the AEDPA, a federal court may not grant *habeas* relief to a state prisoner on a claim unless the state court adjudicated the merits of the claim and such adjudication either

> 1) resulted in a decision that was contrary to, or involved an unreasonable application, of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> 2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Hawkins v. Costello*, 460 F.3d 238 (2d Cir. 2006); *DeBerry v. Portuondo*, 403 F.3d 57, 66 (2d Cir. 2005); *Miranda v. Bennett*, 322 F.3d 171, 177-78 (2d Cir. 2003); *Boyette v. Lefevre*, 246 F.3d 76, 88 (2d Cir. 2001).

The AEDPA also requires that "a determination of a factual issue made by a State court shall be presumed to be correct [and t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also DeBerry v. Portuondo*, 403 F.3d at 66; *Boyette v. LeFevre*, 246 F.3d at 88 (quoting § 2254(e)(1)) (internal quotations omitted). As a result, a federal court cannot set aside "reasonable state-court determinations of fact in favor of its own debatable interpretation of the record." *Rice v. Collins*, 546 U.S. 333, 335 &342 (2006).

### B. Competency Claim

Petitioner argues that the trial court erred in its determination that he was competent to stand trial. Pet. at ¶ 12(a). Respondent concedes that Petitioner's competency claim was timely made and properly exhausted. Dkt. No. 9, Resp't's Mem. of L. at pp. 10–12. However, for the reasons stated below, we recommend that the Petition be **DENIED** as to this ground.

On *habeas* review, a state court's decision as to a defendant's competency to stand trial is

a question of fact, and, as such, its decision is entitled to a presumption of correctness; the burden is on the petitioner to rebut this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Demosthenes v. Baal*, 495 U.S. 731, 735 (1990); *Galusha v. Duncan*, 2007 WL 4198272, at *10 (N.D.N.Y. Nov. 21, 2007). Questions of fact are analyzed to determine if they are "unreasonable . . . in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Thus, under § 2254(d)(2), we must determine whether the state court reached an unreasonable conclusion of fact, *i.e.*, one that is unsupported by the record. *See* 28 U.S.C. § 2254(d)(2); *Demosthenes v. Baal*, 495 U.S. at 735; *Stokes v. Powers*, 2008 WL 1991081, at *8 (N.D.N.Y. May 5, 2008).

The record in this case more than fairly supports the competency determination of the state court. At a pre-trial § 730 hearing, Dr. DiNardo testified that Petitioner understood the roles of his lawyer, the judge, and the prosecutor, and that he understood the nature of the overall court proceeding. R., Ex. D at pp. R38, R40, & R50. Further, it was Dr. DiNardo's opinion that Petitioner had demonstrated a sufficient ability to assist in his own defense. *Id.* at p. R40. Likewise, Dr. Schleuderer testified that despite being "a little vague" on the roles of the prosecutor and jury, because he had a rational understanding of the proceedings against him, and "he understood that his attorney was supposed to represent him and try to either have him found innocent or get the best deal that they could [he concluded that] Petitioner was competent." *Id.* at pp. R56 & R61-R62. Dr. Schleuderer also testified that he had examined Petitioner on four prior occasions, and found him to be competent each time.[2] *Id.* at R57. Although Dr. Israel testified that Petitioner was not competent to stand trial, she also testified that he understood the court proceedings and knew the

---

[2] Petitioner had previously been charged with making similar reports twenty-eight times between 1988 and 1998. R., Ex. E, Resp't's Br., at p. 2.

roles of the key players in the courtroom.³ *Id.* at pp. R74-R75 & R77. On the basis of this evidence, the trial court concluded that Petitioner was competent to stand trial. R., Ex. A, Plea Hr'g Tr., at p. 3. On direct appeal, the Third Department, held that:

> defendant was examined by three certified psychologists, two of whom concluded that he possessed the capacity to understand the proceedings against him and that he was capable of assisting in his own defense (*see* CPL 730.10 [1]). To the extent that the third psychologist reached a different conclusion, we note only that a hearing court's competency ruling is accorded considerable deference, particularly given the existence of conflicting proof (*see People v Johnson*, 52 AD3d 1040, 1042 [2008], *lv denied* 11 NY3d 833 [2008]; *People v Campbell*, 279 AD2d 797, 798 [2001], *lv denied* 96 NY2d 826 [2001]).

*People v. Surdis*, 77 A.D.3d 1018.

Thus, it is clear that the decision of both the trial court and the Appellate division were supported by the record.

Moreover, aside from information that was already known to the trial court, *i.e.,* Dr. Israel's conclusions, Petitioner has not provided us with anything challenging the sufficiency of the trial court's competency determination. In other words, Petitioner has failed to clearly and convincingly establish that the decision of the trial court was not fairly supported by the record. Therefore, the trial court's objectively reasonable factual determination that Petitioner was competent to stand trial cannot be overturned by this Court. *Demosthenes v. Baal*, 495 U.S. at 735; *see also Francess v. Stone*, 221 F.3d 100, 114–15 (2d Cir. 2000); *Murphy v. Kelly*, 99 F3d 401 (2d. Cir. 1995).

Moreover, it is also worth noting, that to the extent Petitioner may have intended to argue that his right to due process was violated, such an argument is without merit. Granted, the

---

³ Dr. Israel's opinion that Petitioner was not competent to stand trial was based on her belief that Petitioner's episodes of disassociation, which affected his memory of the events relevant to the charges against him, would prevent him from assisting his attorney. *Id.* at pp. R74-R75. However, this factor did not undermine the trial court's determination that Petitioner was competent, because as Petitioner himself concedes, in New York a defendant's genuine amnesia of a crime does not implicate competence to stand trial. *See* Pet'r's Br. to Appellate Div. at p. 5 (citing *People v. Francabandera*, 33 N.Y.2d 429 (N.Y. Ct. App. 1974)).

constitutional right to due process is violated when a person who is incompetent is convicted of a crime, even if the conviction follows a plea of guilty. *See Harris v. Kuhlmann*, 346 F.3d 330, 349 (2d Cir. 2003) (citing *Cooper v. Oklahoma*, 517 U.S. 348, 354 (1996)). All that is required, where incompetency is at issue, is that the petitioner receive a hearing to determine whether he had "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and a rational as well as factual understanding of the proceedings against him." *Harris v. Kuhlmann*, 346 F.3d 330, 350 (2d Cir. 2003) (internal quotation marks and citation omitted). Here, Petitioner received a hearing to determine whether "as a result of mental disease or defect[,] [he] lack[ed] capacity to understand the proceedings against him or to assist in his own defense." N.Y. CRIM. PROC. LAW § 730.10(1); *see also People v. Surdis*, 77. A.D.3d at pp. 1018–19 (discussing the trial court's use of CPL § 730.10). Although the standard employed by the state court is not precisely the same as that which was laid out by the Second Circuit in *Harris v. Kuhlman*, federal courts have held that the two standards are congruent. *See Lord v. Rasbatt,* 2011 WL 6934826, AT *2 (W.D.N.Y. Dec. 30, 2011) (noting that the New York test "parallel[s] the federal test"); *see also Roland v. Rivera*, 2011 WL 1343142, at *7 (W.D.N.Y. Jan. 6, 2011) (noting the same). Accordingly, as Petitioner's competency was determined in accordance with these principles, Petitioner was afforded all of the process that was due to him by the state court.

Accordingly, we recommend that Petitioner's competency claim be **DENIED** as to this ground.

### C. Sentencing Claim

Respondent does not contest the timeliness of Petitioner's sentencing claim but opposes it on the grounds that it was unexhausted and is not cognizable on *habeas* review. Resp't's Mem. of

Law, at pp. 10–13 & 16–17. This Court need not address whether this claim has been properly exhausted because it is well established that a challenge to the term of a sentence is not cognizable on federal *habeas* review where the sentence falls within the statutory range.

Under the Eighth Amendment, a sentence is unconstitutional if it is "grossly disproportionate to the severity of the crime" or "shocks the collective conscious of society." *Rummel v. Estelle*, 445 U.S. 263, 271 (1980); *United States v. Gonzalez*, 922 F.2d 1004, 1053 (2d Cir. 1991). However, when a sentence falls within the permissible range governed by state law, no Eight Amendment violation exists. *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992); *see also Jackson v. Lacy*, 74 F. Supp. 2d 173, 181 (N.D.N.Y. 1999) ("a prisoner may not challenge the length of a sentence that does not exceed the maximum set by state law").

Petitioner was convicted of two counts of first-degree falsely reporting an incident, classified as a Class D felony under New York State's sentencing regime. *See* N.Y. PENAL LAW § 240.60(1). As a second felony offender, Petitioner was eligible for an indeterminate prison sentence with a minimum term ranging from one and one-half to three years, and a maximum term ranging from three to seven years. *Id.* at §§ 70.06(3)(d), (4)(b). Petitioner's indeterminate sentence with a minimum of seven years for each offense clearly falls within the statutory range. Therefore, we recommend Petitioner's excessive sentence claim be **DENIED**.

### III. CONCLUSION

For the reasons stated therein, it is hereby

**RECOMMENDED**, that the Petition for a Writ of *Habeas Corpus* (Dkt. No. 1) be **DENIED**; and it is further

**RECOMMENDED**, that because the Court finds Petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2), no certificate of appealability should issue with respect to any of Petitioner's claims. *See* 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."); *see also Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000), *cert. denied* 531 U.S. 873 (2000); and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Date:   August 1, 2014
        Albany, New York

_____
Randolph F. Treece
U.S. Magistrate Judge