**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**KRISTOFER SURDIS,**

                          **Petitioner,**

    **vs.**                                                **9:11-cv-0537
                                                          (MAD/RFT)**

**ROBERT A. KIRKPATRICK, Superintendent,
Wende Correctional Faility,**

                          **Respondent.**
_____

**APPEARANCES:**                                **OF COUNSEL:**

**KRISTOFER SURDIS**
08-A-6336
Wende Correctional Facility
P. O. Box 1187
Alden, New York 14004-1187
Petitioner *pro se*

**OFFICE OF THE NEW YORK**        **LISA E. FLEISCHMANN, AAG**
**STATE ATTORNEY GENERAL**
The Capital
Albany, New York 12224
Attorneys for Respondent

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

    *Pro se* petitioner, Kristofer Surdis, ("Surdis"), filed a petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. *See* Dkt. No. 1. In his petition, Petitioner claims (1) he was not competent to stand trial due to "mental disease and defect," and (2) the sentence imposed was excessive. *See id.*

    Specifically, Petitioner challenges his November 24, 2008 conviction in Ulster County of two counts of falsely reporting an incident in the first degree. *See id.* As noted in Magistrate Judge Treece's Report-Recommendation and Order, Petitioner was indicted on five counts of

falsely reporting an incident in the first degree on June 6, 2008. In accordance with a negotiated plea agreement, Petitioner pled guilty to two counts of falsely reporting an incident in the first degree, and was sentenced to two concurrent determinate terms of imprisonment of seven years with five years post-release supervision.

Petitioner appealed to the New York Appellate Division, Third Department, arguing that (1) the County Court erroneously found that he was competent to stand trial; (2) one of the witnesses was not qualified to give expert testimony on competency, and (3) the imposed sentence was excessive. The Appellate Division, Third Department denied the appeal on the merits. *See People v. Surdis*, 77 A.D.3d 1018 (3d Dep't 2010). Leave to appeal to the New York Court of Appeals was denied on February 24, 2011. On April 15, 2011, Petitioner filed a federal habeas petition.

In a Report-Recommendation and Order dated August 1, 2014, Magistrate Judge Treece recommended that the Court dismiss Petitioner's petition in its entirety. *See* Dkt. No. 11. Magistrate Judge Treece found that the record in this case "more than fairly supports the competency determination of the state court" and that Petitioner failed to provide the Court with any information that would establish that the trial court's decision was not fairly supported by the record. *See id.* at 5-6. The recommendation concluded that "the trial court's objectively reasonable factual determination that Petitioner was competent to stand trial cannot be overturned by this Court." *Id.* (citing *Demosthenes v. Baal*, 495 U.S. at 735; *see also Francess v. Stone*, 221 F.3d 100, 114-15 (2d Cir. 2000); *Murphy v. Kelly*, 99 F.3d 401 (2d Cir. 1995)). Additionally, to the extent that Petitioner may be attempting to argue that his right to due process was violated, the argument is without merit because Petitioner's competency was determined in accordance with the requirements of due process. *See id.* at 6-7 (citations omitted). Finally, Magistrate Judge Treece found that Petitioner's challenge to his sentence must fail because it was within the

permissible range governed by state law and, therefore, no Eighth Amendment violation exists. *See id.* at 8 (citing *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992); *Jackson v. Lacy*, 74 F. Supp. 2d 173, 181 (N.D.N.Y. 1999)).

In a document dated August 5, 2014, Petitioner objected to the Report-Recommendation and Order. *See* Dkt. No. 13. Petitioner's "objections" to the Report-Recommendation and Order consists of one sentence, which reads as follows: "I am writing this to file my objections regarding the written report (Civil No. 9:11-cv-0537)." *See id.*

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). Further, "where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition, reviewing courts should review a report and recommendation for clear error." *McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007) (citations omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Having reviewed Magistrate Judge Treece's August 1, 2014 Report-Recommendation and Order, the parties' submission and the applicable law, the Court concludes that Magistrate Judge Treece correctly recommended that the Court should dismiss Petitioner's petition in its entirety. Magistrate Judge Treece properly determined that the trial court's factual determination that Petitioner was competent to stand trial was not unreasonable, *i.e.*, it was supported by the

evidence in the record. *See Francess v. Stone*, 221 F.3d 100, 114-15 (2d Cir. 2000). Further, Petitioner was afforded a hearing that was sufficient to satisfy the due process clause. *See Lord v. Rasbatt*, No. 09-CV-615, 2011 WL 6934826, *2 (W.D.N.Y. Dec. 30, 2011); *Roland v. Rivera*, No. 06-CV-6543, 2011 WL 1343142, *7-*8 (W.D.N.Y. Jan. 6, 2011) (citations omitted). Finally, Magistrate Judge Treece correctly determined that Petitioner's concurrent sentences of seven-years imprisonment, with five-years post-release supervision, falls within the permissible range governed by state law, N.Y. Penal Law § 240.60(1); and, therefore, Petitioner's excessive sentence claim must be denied. *See Jackson v. Lacy*, 74 F. Supp. 2d 173, 181 (N.D.N.Y. 1999) (citation omitted).

The Court notes that 28 U.S.C. § 2253(c)(1) provides, in relevant part, that, "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from – (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]"[1] 28 U.S.C. § 2553(c)(1). A court may only issue a Certificate of Appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2553(c)(2).

Since Petitioner has failed to make such a showing with regard to any of his claims, the Court declines to issue a Certificate of Appealability in this matter. See *Hohn v. United States*, 524 U.S. 236, 239-40 (1998) (quotation omitted). Further, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962); *see also Slack v. McDaniel*, 529 U.S. 473, 484

---

[1] Rule 22 of the Federal Rules of Appellate Procedure also provides that an appeal may not proceed in such actions "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §2253(c)." Fed. R. App. P. 22(b)(1).

4

(2000).

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Treece's August 1, 2014 Report-Recommendation and Order is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Petitioner's petition for a writ of habeas corpus is **DENIED** and **DISMISSED**; and the Court further

**ORDERS** that no Certificate of Appealability shall be issued with respect to any of Petitioner's claims; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Respondent's favor and close this case.

**IT IS SO ORDERED.**

Dated: August 29, 2014
       Albany, New York

_/s/ Mae A. D'Agostino_
Mae A. D'Agostino
U.S. District Judge